IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JENNIFER LYNN HICE                                    PLAINTIFF

V.                              NO. 14-5389

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Jennifer Lynn Hice, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

I.      **Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on April 20, 2012, alleging an inability to work since October 3, 2010, due to fibromyalgia, left foot problem, anxiety disorder, high blood pressure, COPD (chronic obstructive pulmonary disease), "problem with rear end," panic attacks, and constant diarrhea. (Tr. 231-232, 301-309, 323, 327). An administrative hearing was held on June 20, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 28-62).

By written decision dated August 9, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

fibromyalgia, COPD, obesity, hypertension, history of rectovaginal and sphincter surgery, depressive disorder, and generalized anxiety disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that she can only occasionally climb, balance, stoop, kneel, crouch, and crawl and must avoid even moderate exposure to pulmonary irritants. She is further limited to simple, routine, repetitive tasks in an environment where interpersonal contact is incidental to the work performed and the supervision required is simple, direct, and concrete.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform any past relevant work, but there were jobs Plaintiff would be able to perform, such as production worker and assembler. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on October 24, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520; 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §§ 404.1520; 416.920.

## III.  Discussion:

Plaintiff raises the following issue in this matter: Whether the ALJ failed to comply with SSR 96-7p by ignoring witness statements in the record describing Plaintiff's physical limitations. (Doc. 11).

### A.  Credibility Findings:

Plaintiff specifically argues that the ALJ failed to indicate what weight he gave to the testimony of Plaintiff's husband, Robert Awtrey, and whether he rejected his testimony or considered the limitations he mentioned.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5)

4

functional restrictions.  See id.  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible for the reasons explained in his decision. (Tr. 19).  The ALJ also reported that he reviewed the third party statement of Plaintiff's husband and found that it reiterated Plaintiff's reported functional limitations, and considered it in accordance with the requirements of SSR 06-03p. (Tr. 19).

In addressing Plaintiff's credibility, the ALJ considered and discussed Plaintiff's daily activities, noting that Plaintiff was able to tend to her personal care, prepare simple meals, help her son with homework, drive a car, attend church services, grocery shop, read, and watch television. (Tr. 17).  The ALJ also noted that although Plaintiff reported using a cane as an assistive device for ambulation, there were no medical treatment notes indicating that a cane was prescribed by a medical health provider. (Tr. 20). In addition, the ALJ noted that Plaintiff was routinely observed as walking unassisted, with a normal gait, that she smoked one pack of cigarettes a day for most of the relevant time period, and received conservative care for her symptoms. (Tr. 20).  The medical records also indicate that Plaintiff was counselled about her weight and her smoking. (Tr. 576).  In fact, Plaintiff continued to be advised to quit smoking several times, and although she apparently made an unsuccessful

attempt to quit at one time, she nevertheless continued to smoke. (Tr. 463, 569, 640). Plaintiff's smoking habit discredits her disability allegations.  <u>See Lewis v. Barnhart</u>, 353 F.3d 642, 647 (8th Cir. 2003); <u>Riggins v. Apfel,</u> 177 F.3d 689, 693 (8th Cir. 1999); <u>Kisling v. Chater</u>, 105 F.3d 1255, 1257 (8th Cir. 1997); <u>Sias v. Secretary of HHS</u>, 861 F.2d 475, 480 (6th Cir. 1988).  Plaintiff also failed to take prescribed medication for her hypertension. (Tr. 576, 639, 696). "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." <u>Brown v. Barnhart</u>, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted); 20 C.F.R. §416.930(b). Although Plaintiff indicated that she was unable to afford medication, she was somehow able to continue to afford to smoke a pack of cigarettes a day.

With respect to her mental health, the ALJ also noted that Plaintiff had not sought any treatment for her depression or anxiety, and that the objective medical findings and conservative nature of Plaintiff's medical care served to diminish her credibility as to the frequency and severity of her symptoms. (Tr. 20). The ALJ also noted that when Plaintiff underwent a Mental Diagnostic Evaluation by Ronald E. McInroe, Psy.D., on June 26, 2012, Dr. McInroe noted that Plaintiff "binged on food when depressed," and opined that Plaintiff "did not give her maximum effort during the evaluation." (Tr. 19, 473). Dr. McInroe opined that Plaintiff may be magnifying the level of her presenting symptomatology. (Tr. 473). In addition, on September 24, 2012, Dr. Robert B. Wilson, Jr., reported that Plaintiff's anxiety and pain were adequately controlled on medication. (Tr. 593).

The ALJ further found that Plaintiff's current admitted activities of daily living diminished her credibility regarding the extent of her functional limitations secondary to her impairments. (Tr. 20).

The Court finds there is substantial evidence to support the ALJ's credibility analysis regarding Plaintiff's subjective complaints.

With respect to the statement given by Plaintiff's husband dated June 1, 2012, he reported that Plaintiff helped get their son off to school and helped him with his homework, got up to eat, and went to the bathroom. (Tr. 351). He also reported that Plaintiff needed help getting out of the tub, and did no house or yard work. (Tr. 354-355).

As stated earlier, the ALJ reported that he reviewed Mr. Awtrey's statement, and that it reiterated Plaintiff's reported functional limitations, and that he considered the statement "in accordance with the requirements of SSR 06-03p." (Tr. 19). In Buckner v. Astrue, 646 F.3d 549, 559-560 (8th Cir. 2011), the Eighth Circuit Court of Appeals discussed the relevant law relating to how the ALJ is to address testimony of "other persons" under the regulations. The Court referred to the cases of Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992: Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995); and Willcockson v. Astrue, 540 F.3d 878, 880 (8th Cir. 2008). In Buckner, the Court noted that although the ALJ did not expressly address the statement of Plaintiff's girlfriend in his decision, remand was not required, because "the ALJ's 'arguable deficiency in opinion-writing technique' had no bearing on the outcome of Buckner's case and does not require remand." Buckner, 646 F.3d at 560 (citing Robinson, 956 F.2d at 841)..

It is noteworthy that in the case now before the Court, the ALJ did expressly address Mr. Awtrey's statement. The Court recognizes the more recent case of Nowling v. Colvin, 813 F.3d 1110 (8th Cir. 2016), where the Eighth Circuit remanded the matter, which involved the ALJ failing to address the testimony of Plaintiff's sister-in-law expressly, or to describe

what weight, if any, the ALJ accorded her testimony. Id. at 1121. The Court in Nowling noted that in general, such an omission need not require reversal if the ALJ's decision is otherwise supported. Id. In addition, the Nowling case involved the unique impairments of conversion disorder and somatoform, and non-epileptic "pseudo-seizures," and the Court stated that in such a case, "an obvious difficulty arises when it becomes necessary to make credibility assessment in cases involving somatoform phenomena." Id.

In this case, the ALJ expressly addressed Mr. Awtrey's statement. In addition, the same evidence that the ALJ referred to in discrediting Plaintiff's claims also discredit Mr. Awtrey's claims. As stated earlier, the Court finds the ALJ sufficiently addressed Plaintiff's credibility, and gave sufficient reasons for finding her subjective complaints were not entirely credible. Therefore, the Court finds that even if the ALJ only briefly addressed Mr. Awtrey's statement, such is sufficient in this case, because the ALJ's decision is otherwise supported. Further, any deficiency would constitute an "arguable deficiency in opinion-writing technique" and would have no bearing on the outcome of Plaintiff's case. Thus, Plaintiff's case does not require remand.

**B.  RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

After reviewing the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C.   Hypothetical Question posed to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court also finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing jobs such as production worker and assembler. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.   The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 29th day of April, 2016.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE